# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
# SCRANTON DIVISION

| | |
|---|---|
| CHRISTINA PRUKALA,<br><br>Plaintiff,<br><br>v.<br><br>CHASE BANK<br>270 Park Avenue<br>New York, NY 10017<br><br>Defendant. | CIVIL ACTION<br><br><br>Case No. _____ |

## NOTICE OF REMOVAL

Defendant JPMorgan Chase Bank, N.A., improperly named as Chase Bank ("Chase"), hereby files this Notice of Removal from the Court of Common Pleas for Lackawanna County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania. This Court has jurisdiction under 28 U.S.C. § 1331.

In further support of this Notice of Removal, Chase states as follows:

### BACKGROUND AND PROCEDURAL HISTORY

1. On September 9, 2019, Plaintiff Christina Prukala ("Plaintiff") filed this action in the Court of Common Pleas for Lackawanna County, Pennsylvania, Case No. 19-cv-5273. A true and correct copy of the

Complaint is attached hereto as Exhibit 1. Exhibit 1 constitutes all of the process, pleadings, and orders served in this case and is attached hereto pursuant to 28 U.S.C. § 1446(a).

2.   Plaintiff asserts claims for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and Pennsylvania's Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* ("FCEUA"). Plaintiff bases those claims on Chase's alleged reporting of inaccurate and derogatory information regarding outstanding debt on a Chase account to credit reporting agencies. (See Compl. at ¶¶ 1, 9-11, 15, 19) Plaintiff alleges she disputed the debt but Chase continued to report the purported inaccurate and derogatory information, which in turn negatively reflected upon her credit repayment history, her financial responsibility as a debtor, and her credit worthiness. (See id. at ¶¶ 15-19)

3.   Plaintiff seeks actual damages, in which Plaintiff includes "lost time in dealing with said violations, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation." (Id. at ¶ Prayer for Relief.)

4.   She also seeks "punitive damages[,]" "injunctive relief prohibiting such actions by Defendant in the future[,]" attorneys' fees, and

"[a]ny other relief the Court may deem just and proper." (*Id.* at Prayer for Relief.)

## PARTIES[1]

5. Plaintiff is a citizen of Pennsylvania. (Compl. at ¶ 4)

6. Chase is a national bank chartered under the National Bank Act with its main office in Columbus, Ohio.

## TIMELINESS OF REMOVAL

7. Plaintiff filed her Complaint on September 9, 2019.

8. Chase was served on September 24, 2019. Chase is filing this Notice of Removal within 30 days of the date it received a copy of the Complaint.

9. Thus, this notice is timely pursuant to 28 U.S.C. § 1446(b).

---

[1] Plaintiff purportedly includes "John Does 1-10" and "X,Y,Z Corporations" in the Complaint as parties to this action. (Compl. at ¶ 5) However, Plaintiff did not include these parties in the caption, nor has she made any class action allegations. This appears to be a typographical error resulting from Plaintiff's editing of a strikingly similar complaint she filed against Chase on December 5, 2018, in the Court of Common Pleas for Lackawanna County, Pennsylvania, Case No. 18-cv-6473, which Chase removed to federal court, C.A. No. 3:19-cv-95-MEM, and Plaintiff then voluntarily dismissed.

## BASES FOR REMOVAL JURISDICTION[2]

10. Removal is appropriate under 28 U.S.C. § 1331, as Plaintiff asserts claims in violation of the FDCPA (15 U.S.C. § 1692 *et seq.*), a federal statute.

11. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims are founded on a claim or right arising under the laws of the United States.

12. Under 28 U.S.C. § 1331, removal is appropriate if the district court has original jurisdiction founded on a claim or right arising under the laws of the United States and the action shall be removable without regard to the citizenship or residence of the parties.

13. Plaintiff alleges Chase violated the federal FDCPA. *See* Compl. at Counts Three and Four.[3]

---

[2] Had Plaintiff properly pleaded a class action that would be a separate and independent ground for seeking removal. *See* 28 U.S.C. §§ 1332(d)(1), (2), and (5)(B) (authorizing removal of a civil action that (i) meets the CAFA's definition of "class action," (ii) has at least one plaintiff class member whose state citizenship differs from that of any defendant, (iii) has at least 100 putative class members, and (iv) features an amount in controversy in excess of $5,000,000).

[3] Plaintiff includes two Count IVs in her complaint, both alleging violations of the FDCPA.

14. This Court has jurisdiction over all claims brought under this federal statute and, as such, federal question jurisdiction exists under 28 U.S.C. § 1331.

15. Accordingly, this action is one over which this District Court has subject matter jurisdiction over the entire case pursuant to 28 U.S.C. § 1331.

### REMOVAL TO THE MIDDLE DISTRICT OF PENNSYLVANIA IS PROPER

16. Removal to the Middle District of Pennsylvania, Scranton Division, is proper because it is the district and division within which the state action is pending. *See* 28 U.S.C. § 1446(a).

### NOTICE TO STATE COURT AND PLAINTIFF

17. Counsel for Chase certifies, pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Court of Common Pleas for Lackawanna County, Pennsylvania, and served upon Plaintiff promptly. A true and correct copy of Chase's Notice of Filing Notice of Removal is attached hereto as Exhibit 2.

WHEREFORE, the case now pending in the Court of Common Pleas for Lackawanna County, Pennsylvania, No. 19-cv-5273, is hereby removed to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1441, 1453.

Dated:  October 15, 2019               /s/ Jenny N. Perkins
                                                    Jenny N. Perkins, Esq.
                                                    perkinsj@ballardspahr.com
                                                    BALLARD SPAHR LLP
                                                    1735 Market Street, 51st Floor
                                                    Philadelphia, PA  19103-7599
                                                    T: 215.665.8500
                                                    F: 215.864.8999

                                                    *Attorneys for Defendant*
                                                    *Chase Bank USA, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 15, 2019, I caused a true and correct copy of the foregoing to be served by email and ECF notification:

> Joseph T. Sucec, Esq.
> P.O. Box 317
> Grantham, PA 17027
> joesucec@gmail.com
>
> *Attorneys for Plaintiff*

Dated:     October 15, 2019

/s/ *Jenny N. Perkins*
Jenny N. Perkins