IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTINA PRUKALA,    :
           :
    Plaintiff,   :
 v.        : **3:19-CV-1791**
           : **(JUDGE MARIANI)**
CHASE BANK, N.A.,   :
           :
    Defendant.  :

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On September 9, 2019, Plaintiff Christina Prukala filed a putative class action

complaint in the Court of Common Pleas of Lackawanna County against Defendant

JPMorgan Chase Bank, N.A., improperly named as "Chase Bank", [hereinafter "Chase"] for

alleged violations of Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA") and the

federal Fair Debt Collection Practices Act ("FDCPA"). (Doc. 1, Ex. 1). On October 16, 2019,

Defendant Chase properly removed the action to this Court. (Doc. 1).

On October 21, 2019, Defendant filed a Motion to Dismiss Plaintiff's complaint. (Doc.

4). On November 4, 2019, Plaintiff amended her complaint eliminating the FDCPA claims,

but still alleging Defendant violated the FCEUA when Defendant reported Plaintiff's

consumer credit report as "delinquent, with derogatory information therein." (Doc. 8, at ¶¶ 1,

11). Plaintiff seeks relief under Pennsylvania's Unfair Trade Practices and Consumer

Protection Law ("UTPCPL"). (*Id.* at ¶ 39). Plaintiff seeks monetary damages, punitive damages, and injunctive relief on behalf of herself and a putative class. (*Id.* at 10-11).

On December 5, 2019, Defendant again filed a Motion to Dismiss Plaintiff's Amended Complaint with prejudice, which is now pending before the Court. (Doc. 9). The issues have been fully briefed and Defendant's Motion is ripe for disposition.

For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss with prejudice. (Doc. 9).

## II. FACTUAL ALLEGATIONS

Plaintiff's Amended Complaint (Doc. 8) alleges the following facts which, for the purposes of resolving Defendant's Motion to Dismiss, the Court takes as true:

Plaintiff Christina Prukala is a citizen and resident of the Commonwealth of Pennsylvania. (Doc. 8, at ¶ 4). Defendant Chase is a "corporate entity engaged in, among other enterprises, collection of allegedly overdue credit accounts." (*Id.* at ¶ 5a). Defendants John Does 1-10 are unknown individuals or entities who "played a substantial role in the commission of the acts." (*Id.* at ¶ 5b). Defendants X,Y, and Z Corporations are unknown entities who also "played a substantial role in the commission of the acts." (*Id.* at ¶ 5c).

Plaintiff possesses consumer debts, used for "personal, household or family purposes," that Defendant was seeking to collect. (*Id.* at ¶ 10).

One of Plaintiff's consumer accounts was reported as delinquent and derogatory information was placed on her credit report by Defendant. (*Id.* at ¶¶ 11, 14; Doc. 8-1, at 21–

2

22). When Plaintiff discovered the derogatory information on her credit report, she "sent Defendant letters both disputing the high balance of each account and requesting copies of the original contracts." (*Id.* at ¶ 12).

Defendant updated the Credit Reporting Agencies ("CRAs") on a regular basis, which is reflected on Plaintiff's consumer credit report. (*Id.* at ¶¶ 15, 17). Defendant "constructively, if not actively" updated the information on Plaintiff's consumer report "without either reinvestigating said derogatory information or notating on the report that the account was disputed." (*Id.* at ¶ 19).

Defendant had actual and/or constructive notice that Plaintiff disputed the debts as Plaintiff sent letters to Defendant indicating her dispute and requesting an accounting of the debts and the original contracts. (*Id.* at ¶ 18A; Doc. 8-1, at 23–25). Plaintiff never received a response from Defendant to her letters. (*Id.* at ¶ 18B).

The derogatory information on the consumer credit report "negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness." (*Id.* at ¶ 16).

As a result, Plaintiff suffered "repeated disruption of te [sic] pursuit of any business affairs affected by the false, unverified information on her credit report as well as the emotional distress suffered from being the target of Defendant's collection activity." (*Id.* at ¶ 43). Plaintiff's damages include "lost time in dealing with said violations, including but not limited to loss of credit opportunities and business standing in the community, and in

3

seeking and contacting legal counsel for the purpose of exploring and commencing this litigation." (*Id.* at ¶ 34).

### III. STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14

4

(3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id*.

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal,* 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 786-787 (quoting *Iqbal,* 556 U.S. 679).

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id*.

## IV. ANALYSIS

Defendant Chase argues that Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. (Doc. 9). Defendant's argument under the UTPCPL is twofold: (1) Plaintiff has not pleaded facts that she suffered an ascertainable loss resulting from Defendant's fraudulent actions, and (2) Plaintiff has not pleaded facts that demonstrate justifiable reliance on Defendant's actions or failure to act. (Doc. 10, at 6–7). The Court agrees.

Pennsylvania's FCEUA statute outlines actions taken by creditors which constitute an "unfair or deceptive debt collection act or practice." 73 Pa. Stat. Ann. § 2270.4(b). It further declares any violation of the FCEUA to also constitute a violation of Pennsylvania's UTPCPL. 73 Pa. Stat. Ann. § 2270.5(a). The UTPCPL provides a private right of action to any person who has suffered "any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by [the UTPCPL]." 73 Pa. Stat. Ann. § 201-9.2.

The FCEUA does not provide a private cause of action for violations; instead, plaintiffs must use the UTPCPL's remedy provision to obtain relief. *Benner v. Bank of Am., N.A.*, 917 F. Supp. 2d 338, 359 (E.D. Pa. 2013); *see* 73 Pa. Stat. Ann. § 201-9.2. Consequently, to plead a cause of action under the FCEUA, plaintiffs must be able to state a claim under the UTPCPL. *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 182 (3d Cir.

6

2015); *see also Baldwin v. Monterey Fin. Servs., Inc.*, No. 3:14-CV-2346, 2017 WL 4767696, at *6 (M.D. Pa. Oct. 20, 2017).

To state a claim under the UTPCPL, the plaintiff first must allege "an ascertainable loss as a result of the defendant's prohibited action." *Weinberg v. Sun Co.*, 777 A.2d 442, 446 (Pa. 2001). Second, the plaintiff must show that "he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance." *Hunt v. U.S. Tobacco Co.*, 583 F.3d 217, 224 (3d Cir. 2008)(quoting *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004)).

To allege an ascertainable loss, the plaintiff "must be able to point to money or property that he would have had but for the defendant's fraudulent actions." *Benner,* 917 F. Supp. 2d at 359. Damages resulting from emotional distress are not cognizable under the UTPCPL. *Walkup v. Santander Bank, N.A.*, 147 F. Supp. 3d 349, 358 (E.D. Pa. 2015). Likewise, the cost of retaining counsel does not qualify as an ascertainable loss. *Grimes v. Enter. Leasing Co. of Philadelphia, LLC*, 105 A.3d 1188, 1193 (Pa. 2014)(explaining that the UTPCPL separately provides for awards of costs and reasonable attorney's fees).

Moreover, "damages cannot be speculative." *Jarzyna v. Home Properties, L.P.,* 185 F. Supp. 3d 612, 626 (E.D. Pa. 2016), *aff'd*, 783 F. App'x 223 (3d Cir. 2019); *see also Grimaldi v. Bank of Am.,* No. 3:12-CV-2345, 2013 WL 1050549, at *5 (M.D. Pa. Mar. 14, 2013)(holding a hypothetical attempt to refinance a home is not an ascertainable loss). The test for speculative damages is not necessarily about "the difficulty in calculating the

amount," but instead with "whether there are identifiable damages." *Kaymark*, 783 F.3d at 182 (quoting *Pashak v. Barish*, 450 A.2d 67, 69 (Pa. 1982)).

Here, Plaintiff alleged that she has suffered "repeated disruption of any business affairs" and "emotional distress." (Doc. 8, at ¶ 43). Plaintiff failed to provide any facts regarding what the business affairs are, in what ways they were disrupted, or what specifically was lost because of the disruption. (*See generally*, Doc. 8). Without alleging any facts that she lost money or property that she would have had but for Defendant's actions, Plaintiff's damages are speculative and unascertainable.

Furthermore, Plaintiff's "emotional distress" (*Id.* at ¶ 43) is not cognizable under the UTPCPL and is, therefore, not an ascertainable loss. Additionally, Plaintiff's damages connected to retaining legal counsel (*Id.* at 10–11) are not an ascertainable loss under the statute.

Plaintiff has not met her burden to prove that she has lost any money or property that she would have had but for Defendant's actions. Plaintiff's Amended Complaint does not allege an ascertainable loss as required for a UTPCPL or FCEUA claim.

In addition to alleging an ascertainable loss, the Pennsylvania Supreme Court "has categorically and repeatedly stated that, due to the causation requirement in the Consumer Protection Law's standing provision, 73 Pa. Cons.Stat. § 201–9.2(a) (permitting suit by private plaintiffs who suffer loss "as a result of" the defendant's deception), a private plaintiff pursuing a claim under the statute must prove justifiable reliance." *Hunt,* 538 F.3d at 221.

8

The Pennsylvania Supreme Court has held that the UTPCPL is to be "liberally construed to effectuate its objective of protecting the consumers." *Ash v. Cont'l Ins. Co.*, 932 A.2d 877, 881 (Pa. 2007). However, the Pennsylvania Supreme Court has also held, "Nothing in the legislative history suggests that the legislature ever intended statutory language directed against consumer fraud to do away with the traditional common law elements of reliance and causation." *Weinberg*, 777 A.2d at 446. Therefore, the plaintiff's justifiable reliance on the defendant's fraudulent conduct must have caused the harms suffered by the plaintiff. *See Hunt*, 538 F.3d at 224–225; *Walkup*, 147 F. Supp. 3d at 358.

It is the plaintiff's burden to prove justifiable reliance in the complaint. *Weinberg*, 777 A.2d at 446; s*ee also Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 202 (Pa. 2007)("…[A] plaintiff alleging violations of the [UTPCPL] must prove justifiable reliance."); *Hunt*, 538 F.3d at 227 (rejecting a presumption of reliance).

Viewing all facts in the light most favorable to the Plaintiff and drawing all reasonable inferences in Plaintiff's favor, there is no allegation of causation or justifiable reliance in the Amended Complaint. (*See generally*, Doc. 8). Even if the disrupted pursuit of business affairs was an ascertainable loss (*Id.* at ¶ 43), Plaintiff does not allege how the Defendant's actions caused such a disruption. Plaintiff pleads that Defendant caused derogatory information to be placed on her consumer credit report despite sending Defendant a dispute letter. (*Id.* at ¶¶ 14, 18). However, she does not explain what the derogatory information is

9

or how that derogatory information impacted her business pursuits. Nor does Plaintiff allege reliance, justifiable or not, on any actions taken or statements made by the Defendant.

Plaintiff's Amended Complaint does not allege causation or justifiable reliance as is required by the UTPCPL and FCEUA; and therefore, fails to state a claim upon which relief may be granted.

A district court may dismiss a complaint without leave to amend "on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004). Furthermore, "it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007); *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230 (3d Cir. 2011)("A district court may enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint.").

A motion to dismiss with prejudice is appropriate in cases where the plaintiff has already had the opportunity to amend her complaint, but was still unable to plead facts sufficient to survive a Rule 12(b)(6) motion. *Ghaffari v. Wells Fargo Bank N.A.*, 621 F. App'x 121, 125 (3d Cir. 2015)("[Plaintiff] had already been given an opportunity to amend his complaint after Wells Fargo filed its motion to dismiss his original complaint."); *see also Fletcher-Harlee Corp.*, 482 F.3d at 253 ("Here, Fletcher-Harlee was not caught unaware by the Court's entry of judgment, as it had notice of Pote's motion and every opportunity to

amend its complaint beforehand."); *Silver v. Pep Boys-Manny, Moe & Jack of Del., Inc.*, No. CV1700018FLWLHG, 2018 WL 1535285, at *8 n.3 (D.N.J. Mar. 29, 2018) ("Plaintiff filed the Second Amended Complaint… with full knowledge of the arguments in Defendant's original motion, and, yet, has failed to address them. Plaintiff's demonstrated inability to allege the most basic facts, which should be within her knowledge, in support of her claim… makes dismissal with prejudice the appropriate outcome here.").

Plaintiff does not allege facts sufficient to state a claim upon which relief can be granted in her Amended Complaint, nor does she request leave to amend the complaint. (*See generally,* Doc. 8). The Court is not required to grant leave to amend where, as here, the plaintiff already has had an opportunity to amend her complaint. Defendant Chase filed a Motion to Dismiss Plaintiff's original Complaint on October 21, 2019. (Doc. 4). Defendant's original Motion not only raised the defects in Plaintiff's FDCPA claims (*Id.* at 7–11), but also raised the same defects that are present in Plaintiff's FCEUA and UTPCPL allegations. (*Id.* at 11–15). In response, Plaintiff saw fit not to amend her complaint at all, other than abandoning her FDCPA claims. (*Compare* Doc. 1-2, Ex. 1 *with* Doc. 8). Defendant Chase therefore raised the same two defects of the UTPCPL claim once again in its Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 10, at 6–10). Plaintiff opposed the Motion but neither addressed these issues nor sought leave to amend the Amended Complaint. (Doc. 11).

The Court deems Plaintiff had the opportunity to amend her Complaint and cure its deficiencies but did not do so. No further leave will be granted.

Without alleging justifiable reliance on the Defendant's prohibited statements or actions and without alleging an ascertainable loss as a result of that reliance, Plaintiff's complaint does not state a claim upon which relief can be granted under the UTPCPL and the FCEUA. Plaintiff was on notice of these defects after Defendant's initial Motion to Dismiss, but saw fit not to address them. The complaint must be dismissed without leave to amend.

## V. CONCLUSION

Therefore, for the reasons set forth in this Memorandum Opinion, the Court will grant Defendant's Motion to Dismiss with prejudice (Doc. 9).  A separate Order follows.




Robert D. Mariani
United States District Court Judge

12